UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GREGORY JOHNSON,

                Petitioner,

                -against-

TRACY JOHNS,

                Respondent.
------------------------------------------------------------X

**OPINION AND ORDER**
10-CV-904(SJF)

FEUERSTEIN, J.

Petitioner Gregory Johnson ("petitioner") has filed the instant petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Docket Entry No. 1] (the "Petition").[1] On February 4, 2004, petitioner pleaded guilty to a two-count Information. United States v. Johnson, No. 04-CV-51 (E.D.N.Y. Feb. 4, 2004) [Docket Entry Nos. 14, 15]. Count One charged that petitioner knowingly and intentionally used and carried a firearm during and in relation to a drug trafficking crime, and did knowingly and intentionally possess a firearm in furtherance of said drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("section 924(c)(1)(A)"). Count Two of the Information charged that petitioner knowingly and willfully engaged in the business of dealing firearms, while not being a licensed importer, manufacturer or dealer, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D). Petitioner asserts that his guilty plea to

---

[1] See Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997) (holding that where petitioner "had no effective opportunity to raise his claim of actual innocence[,] . . . § 2255 is not available to him," and petitioner is thus "entitled to raise his claim of innocence in a petition for a writ of habeas corpus" pursuant to 28 U.S.C. § 2241)). Respondent does not dispute petitioner's ability to proceed under 28 U.S.C. § 2241.

1

Count One of the Information is constitutionally invalid because he is actually innocent of the charged offense under section 924(c)(1)(A) in light of the Supreme Court's subsequent decision in Watson v. United States, 552 U.S. 74 (2007).[2]

I.  Background

Petitioner engaged in the unlicensed dealing of firearms by recruiting individuals to act as straw purchasers and, at his direction, purchase firearms from pawnshops in Jonesboro, Georgia. Petition at 5; Reply in Opposition to Petitioner's 2241 Writ of Habeas Corpus [Docket Entry No. 18] at 2. After the firearms were purchased, petitioner, personally or via a third-party, travelled to New York to sell them. Id. Petitioner typically compensated the straw purchasers in cash but on at least one occasion compensated a straw purchaser with cocaine base. Id.

Section 924(c)(1)(A) provides that "any person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such . . . drug trafficking crime[,] . . . be sentenced to a term of imprisonment of not less than 5 years . . . ." Petitioner's Presentence Report accordingly provided for a minimum term of imprisonment of five (5) years, see PSR ¶ 11; United States Sentencing Guidelines § 2K2.4(b), and petitioner was sentenced to

---

[2] The fact that petitioner was convicted upon the basis of a guilty plea does not prevent him from collaterally attacking his conviction in light of a subsequent change in the law. "While a guilty plea cannot ordinarily be collaterally attacked, since it is considered an admission of all of the elements of the crime, it may be challenged on collateral review if it was not knowing and voluntary." Triestman, 124 F.3d at 367 n.6. A plea is not voluntary "unless the defendant possesses an understanding of the law in relation to the facts," and therefore it may be challenged on collateral review where the facts the defendant admitted to may not constitute a crime in light of a subsequent change in the law. Id. (internal quotation marks and citation omitted).

2

consecutive terms of incarceration of thirty (30) months on Count One and thirty (30) months on Count Two. Johnson, No. 04-CR-51 (E.D.N.Y. Feb. 9, 2005) [Docket Entry No. 19].

II.  Discussion

Prior to its amendment in 1998, "[s]ection 924(c)(1) require[d] the imposition of specified penalties if the defendant 'during and in relation to any crime of violence or drug trafficking crime..., use[d] or carrie[d] a firearm.'" Bailey v. United States, 516 U.S. 137, 142-43 (1995). In 1995, the Supreme Court held that the use prong of the statute was not satisfied by mere possession of a firearm and instead "require[d] evidence sufficient to show an active employment of the firearm by the defendant." Id. at 142-43. In response to the Supreme Court's decision in Bailey, Congress amended the statute to "prohibit[] not only using a firearm during and in relation to a drug trafficking crime, but also possessing one 'in furtherance of' such a crime." Watson, 552 U.S. at 83; 18 U.S.C. § 924(c)(1)(A). After the post-Bailey amendment, the Supreme Court issued its decision in Watson, holding that "a person does not 'use' a firearm under [section] 924(c)(1)(A) when he receives it in trade for drugs." 552 U.S. at 83. Relying on Watson, petitioner asserts that since "trading drugs for a gun is not use under [s]ection 924(c)(1)(A)," petitioner's "merely 'receiving' a gun during a drug transaction is not active employment because [p]etitioner did not employ the gun, avail[] himself of the gun, or derive[] any service from the gun by simply trading his drugs for it." Petition at 5-6.

Petitioner's reliance on Watson is misplaced. Although the defendant in Watson, like petitioner, pleaded guilty to a charge under section 924(c)(1)(A) upon the basis of his admission that he exchanged drugs for a firearm, the defendant in Watson was indicted "for distributing a Schedule II controlled substance and for 'using' the pistol during and in relation to that crime, in

3

violation of [section] 924(c)(1)(A)." 552 U.S. at 77 (emphasis added). Because the defendant in Watson was charged only with "use" of a firearm in the course of a drug trafficking crime, the Supreme Court stated explicitly that it "d[id] not speak to" whether a person who takes a firearm in exchange for drugs would be subject to prosecution under the possession prong of section 924(c)(1)(A), id. at 83, and its holding is irrelevant to the charge to which petitioner pleaded guilty.[3]

While the Supreme Court did not address the issue in Watson, the Second Circuit has since held that a defendant's acceptance of a firearm in exchange for drugs does in fact satisfy the possession prong of section 924(c)(1)(A). See United States v. Gardner, 602 F.3d 97, 99 (2d Cir. 2010) ("We hold that acquiring a firearm using drugs as payment constitutes possessing that firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)."). See also United States v. Mahan, 586 F.3d 1185, 1189 (9th Cir. 2009) ("When a defendant accepts a gun as payment for his drugs, his sale—and thus his crime—is incomplete until he receives possession of the firearm. We fail to see how possession that completes a drug trafficking offense is not possession 'in furtherance of' a drug trafficking offense."); United States v. Boyd, 209 F. App'x 285, 290 (4th Cir. 2006) ("We conclude that accepting possession of firearms as payment for crack cocaine is possession in furtherance of a drug trafficking crime."); United States v. Frederick, 406 F.3d 754, 764 (6th Cir. 2005) ("As a matter of logic, a defendant's willingness to accept possession of a gun as consideration for some drugs he wishes to sell does promote or facilitate that illegal sale.") (internal quotation marks omitted).

---

[3] The defendant in Watson was also indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), but this charge related to certain firearms found in the defendant's home, not the firearm that he received in exchange for the drugs. Watson, 552 U.S. at 77 n.4.

4

Therefore, the conduct to which petitioner pleaded guilty (providing cocaine base to a straw purchaser in exchange for a firearm) constitutes a violation of section 924(c)(1)(A), and petitioner's guilty plea to Count One of the Information is not constitutionally invalid.

III. Conclusion

For the foregoing reasons, the Petition is denied. In accordance with Federal Rule of Civil Procedure 77, the Clerk of Court shall serve a copy of this order upon all parties, including petitioner at his last known address.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: February 5, 2013
Central Islip, New York